## ELLERD v. GRIFFITH et al.*

Circuit Court of Appeals, Fifth Circuit.
November 27, 1928.

No. 5407.

*Rehearing denied January 12, 1929.

Reuben M. Ellerd, of Phœnix, Ariz. (W. T. Brothers, of Amarillo, Tex., on the brief), for appellant.

Allen R. Grambling, of El Paso, Tex. (John F. Weeks, of Odessa, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This case is here on appeal for the second time. Its nature and the issues involved in it are fully stated in the opinion of Judge Walker on the first appeal (C. C. A.) 22 F.(2d) 793. In the second trial, which is sought to be reviewed by this appeal, the same issues were submitted to the jury, and judgment was entered on their verdict for appellees. Before the second trial was begun, appellees filed a trial amendment which pleaded defenses based on appellant's bankruptcy and assignment of his interest in the suit, and also that the assignment from Mrs. Griffith of a third interest in the land, as set out in our former opinion, was without consideration. This was an additional attack upon the assignment, as in the original answer of appellees it was only attacked on the grounds that Mrs. Griffith was a married woman, and, as such, was not bound by the assignment, and that the assignment itself was obtained by fraud. The order of the court overruling exceptions to this trial amendment is assigned as error. The only other assignments relate to the court's charges to which no exceptions were taken, and the overruling of a motion for new trial.

Clearly, it was within the court's discretion to allow the trial amendment. As the

only issues submitted to the jury were whether the agreement relied on in fact existed, and whether the defendants were guilty of a conspiracy to defraud appellant out of his fee, it affirmatively appears that appellant was not injured by the other issues which appellees unsuccessfully sought to raise by the trial amendment, relating to appellant's bankruptcy and assignment of his interest in the subject-matter of the suit. The question whether there was error in any charge given is not raised by the record. A charge to the jury which is not excepted to in a federal trial court cannot be complained of in an appellate court. Appellant did not move for a directed verdict, and is not in position to claim that, as a matter of law, he was entitled to recover under all the evidence. Denial of the motion for a new trial was within the discretion of the trial court, and presents nothing for review here.

The judgment is affirmed.